[L. A. No. 3766.    Department Two.—August 1, 1916.]

## COUNTY OF SAN BERNARDINO, Respondent, v. FRANCES STEWART, Appellant.

LIEN—ERADICATION BY COUNTY OF INJURIOUS INSECTS FROM INFECTED ORCHARD—STATUTORY METHOD MUST BE FOLLOWED.—The effect of section 2322 et seq., of the Political Code, providing a proceeding by the county for the inspection of orchards and the eradication of injurious insects and pests found therein, is to impose upon the property owner, without his consent, the burden of the expense of eradication. The proceeding is *in invitum* for the public benefit, and the statutory method of procedure must be at least substantially followed in order to create a valid lien against the property of the owner for such

expense, or to compel him to pay the expenses incurred by the county in that behalf.

ID. — NOTICE BY HORTICULTURAL COMMISSION — FORM AND SERVICE OF NOTICE.—It is essential to the validity of such lien, that the notice in writing, required by section 2322a of the Political Code, be given by the county horticultural commissioner to the owner, requiring him to eradicate such insects or pests, and that the same be served, in the same manner as a summons in a civil action, upon the owner or person having charge or possession of the infested orchard, by the commissioner or by a person deputed by him. A notice not signed by such commissioner and not purporting to be given by him, and served by a person not deputed by the commissioner for that purpose, on a person not the owner or in charge or·possession of the property, is insufficient for the creation of a valid lien.

APPEAL from a judgment of the Superior Court of San Bernardino County, and from an order refusing a new trial.. Z. B. West, Judge presiding.

The facts are stated in the opinion of the court.

E. C. Campbell, for Appellant.

R. B. Goodcell, District Attorney, and Frank T. Bates, Deputy District Attorney, for Respondent.

THE COURT.—The defendant has appealed from the judgment and from an order denying her motion for a new trial.

The county of San Bernardino began this action to foreclose an alleged lien upon the farm of the defendant for the amount of certain expenses incurred and paid by the county in fumigating the orchard of the defendant situated on said farm, done to free said orchard of noxious insects with which it was infested. The work was done and the proceeding instituted under the authority of sections 2322, 2322a, 2322b and 2322c of the Political Code.

Section 2322 authorizes the board of supervisors of a county, upon the conditions therein stated, to appoint a horticulture commissioner for such county. Section 2322a makes it the duty of the horticulture commissioner of the county to cause inspection to be made of orchards within the county and if any are found infected with pests or disease injurious to fruit "he shall in writing notify the owner, or owners, or person or persons in charge, or in possession of the said places or orchards, . . .

that the same are infected with said . . . pests . . . and require such person or persons to eradicate or destroy the said insects, or other pests, or their eggs or larvae, . . . within a certain time to be therein specified.'' It also provides that ''said notices may be served upon the person or persons, or either of them, owning or having charge, or having possession of such infested place or orchard, . . . or upon the agents of either, by any commissioner or by any person deputed by the said commissioner for that purpose in the same manner as a summons in a civil action.'' Also that any places so infested with pests or noxious insects, ''are hereby adjudged and declared to be a public nuisance; and whenever any such nuisance shall exist at any place within his county, and the proper notice thereof shall have been served, as herein provided, and such nuisance shall not have been abated within the time specified in such notice, it shall be the duty of the county horticultural commissioner to cause said nuisance to be at once abated, by eradicating or destroying said diseases, insects, or other pests, or their eggs or larvae. . . . The expense thereof shall be a county charge, and the board of supervisors shall allow and pay the same out of the general fund of the county. Any and all sum or sums so paid shall be and become a lien on the property and premises from which said nuisance has been removed or abated in pursuance of this chapter.'' It further provides that a notice of such lien shall be recorded in the recorder's office within thirty days after the right has accrued, and that ''an action to foreclose such lien shall be commenced within ninety days'' thereafter by the district attorney of the county in the name of the county. This suit was begun upon the authority of this section.

The effect of this statute is to impose upon the property owner, without his consent, the burden of the expense of fumigating his orchard. It is a proceeding *in invitum* for the public benefit. It requires no citation of authority to establish the proposition that the statutory method of procedure must be at least substantially followed in order to create a valid lien against the private property of an individual, for such expense, or to compel him to pay the expenses incurred by the county in that behalf. In this case the statutory procedure was not followed. The statute provides that the horticulture commissioner shall give the notice to the owner to destroy the pests in his orchard. The notice given in the

present case was not signed by the horticulture commissioner and does not purport to be given by him. It was signed by C. A. Nelson, a local inspector, and purports to be given upon his authority alone. The statute requires that the notice shall be served on the owner of the property, or on the person in charge thereof, by the horticulture commissioner or by any person deputed by said commissioner for that purpose. The notice was served by Nelson, the inspector, who signed the same, not by the horticulture commissioner. It does not appear that Nelson was deputed by the horticulture commissioner or authorized by him to serve said notice, or that he had any authority from the horticulture commissioner, or under the law, to serve the notice. The statute requires that it shall be served in the same manner as a summons in a civil action. The service of the notice in question was accomplished, so far as there was any service, by delivering it to one J. H. Stewart, who was at that time upon the premises. He was not the owner thereof, and he was not in charge or control thereof for the owner. The owner was at that time on the premises in question and could readily have been served personally, if the necessary pains had been taken to that end. J. H. Stewart was her brother and lived on the premises in the same house with his sister. He owned lands in the vicinity and cultivated them, and also at times assisted his sister in the cultivation of her land and sometimes advised with her concerning the same, but he was in no legal sense her agent in charge of the property and had no control thereof. For these reasons we are of the opinion that no valid lien was acquired upon the property by the proceedings in question. This conclusion renders it unnecessary to determine whether or not the property owner may in such a case prove, as a partial defense, that the amount paid by the county for the expense of fumigating was in excess of the reasonable cost thereof.

The judgment and order are reversed.