[L. A. No. 4826.   Department Two.—February 28, 1919.]

## COUNTY OF RIVERSIDE, Respondent, v. ELIZABETH BRINSMEAD, Appellant.

[1] LIEN — COSTS OF FUMIGATING ORCHARD — NOTICE TO ERADICATE PESTS—SERVICE UPON PROPER PARTY—EVIDENCE.—In an action by a county for the foreclosure of a lien for the costs of fumigating an orchard based upon the provisions of section 2322 of the Political Code et seq., a finding that the notice required by section 2322a was served upon the person in charge and in possession of the property for the owner as agent is supported by evidence of service upon the only person living on the property and that the owner resided in a foreign country.

APPEAL from a judgment of the Superior Court of Riverside County.   Hugh H. Craig, Judge.   Affirmed.

The facts are stated in the opinion of the court.

H. A. Massey and Peyton H. Moore for Appellant.

Lyman Evans for Respondent.

WILBUR, J.—Plaintiff recovered judgment against the defendant for the costs of fumigating her orchard, amounting to $871.45.   Defendant appeals from the judgment.   The lien is based upon the provisions of section 2322 of the Political Code et seq.   Appellant claims that the notice required by section 2322a was not served upon the proper party.   Plain-

tiff alleged and the court found that the notice was served "upon the person in charge and in possession of said premises and orchard for the defendant as his agent." It is claimed that the evidence was insufficient to justify this finding. The proof showed that the notice was served upon Reginald Brinsmead, who was living in a residence upon the property in question. The owner of the property was living in England. C. White Mortimer, living in Los Angeles, had charge of the property, and a Mr. J. A. Thompson cultivated and cared for the property. Mr. Brinsmead, upon whom the notice was served, had lived upon the property for years while he was the owner thereof, and remained in the same house after transferring the property to the defendant, his mother. No one else lived upon the property or was in visible possession thereof. The defendant claims that the decision in *San Bernardino v. Stewart*, 173 Cal. 236, [159 Pac. 717], controls. In that case, however, the owner was living on the property and was there at the time the notice was served. Here the owner was living in England and no one was on the property at the time of the service other than the party served. [1] The evidence sustained the finding of the court.

Appellant further claims that because the inspector only inspected one-eighth of the trees that it must be assumed that the other trees were not infected, and that no recovery should be had thereon. This point hardly merits consideration, particularly in view of the testimony that the orchard was generally infected.

The judgment is affirmed.

Lennon, J., and Melvin, J., concurred.